## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OFFENSIVE SECURITY LIMITED** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | Jury Trial Demanded |
| **KALI SYSTEMS, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Offensive Security Limited (hereinafter "Offensive Security"), by and through its counsel, for its Complaint for Declaratory Judgment, alleges the following:

### Parties, Jurisdiction and Venue

1. Plaintiff Offensive Security Limited is a limited corporation organized under the laws of the Cayman Islands, (hereinafter "Offensive Security").

2. Upon information and belief, defendant Kali Systems, LLC is a limited liability company organized and existing under the laws of the State of Hawaii, having its principal office and place of business at Suite 208, 767 Kailua Road Kailua, Hawaii 96734.

3. This is an action for declaratory judgment of non-infringement and non-dilution of trademark rights under the Declaratory Judgment Act, 28 U.S.C. §§

2201 and 2202. An actual justiciable controversy exists between plaintiff and defendant that warrants the issuance of a judgment declaring that the plaintiff Offensive Security, by its use in interstate commerce the terms KALI, KALI LINUX, and KALI.ORG and composite variations thereof including other terms and design elements (hereinafter the "KALI marks"), has not infringed, diluted, or otherwise violated the trademark rights of, or otherwise unfairly competed with, defendant, either under the U.S. Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.* or applicable state law.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

5. Upon information and belief, this Court has personal jurisdiction over defendant in that defendant advertises and promotes its business in the Commonwealth, and defendant's acts will result in harm to plaintiff's interests in the district.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the relevant events giving rise to the claim occurred in this District, defendant directed its assertions and demands, which give rise to the Complaint, to Offensive Security within the District.

## Factual Allegations

7.    Plaintiff, Offensive Security is at the global forefront of network information security and provides the most current cutting edge training and certification programs in information security and penetration testing.  Plaintiff Offensive Security provides information security and penetration testing consultancy services to various government and non-government organizations in numerous countries.  Plaintiff Offensive Security provides software distributions that include network security tools used by penetration testing professionals.  Work product of Offensive Security, which is made publicly available as a service to the public, is used throughout the world by information security professionals to test vulnerabilities and improve network security.  Information concerning Offensive Security is available online at *offensive-security.com*.

8.    Plaintiff Offensive Security advertises and provides training and certification services under the KALI marks.  *See, e.g*. <www.docs.kali.org>.

9.    Plaintiff Offensive Security advertises and provides a software distribution of penetration testing and network security tools under the KALI marks.  See, e.g. <www.kali.org>.

10.   Upon information and belief, defendant claims to provide the following computer services under the mark KALI SYSTEMS, LLC namely:  HIPAA and HITECH Act Risk Evaluation and Matrix, Network Monitoring and Threat

Management, Network and Infrastructure Security, and Security Awareness Training.

11. On June 19, 2013, defendant, through counsel, sent correspondence to Offensive Security asserting that Offensive Security's use of the KALI marks, infringes upon defendant's federal rights, which includes trademark registration No. 3,567,436 for KALI SYSTEMS, LLC. Exhibit 1

12. The June 19, 2013 correspondence demanded that Offensive Security cease and desist using the KALI marks.

13. Offensive Security did not cease and desist using, and continues to use the terms KALI marks and the domain names. Plaintiff Offensive Security has a reasonable apprehension that defendant will sue. Defendant's threats of infringement and dilution, and demands to cease and desist are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

14. December 7, 2011, plaintiff Offensive Security filed two (2) US trademark applications for KALI with the United States Patent and Trademark Office (USPTO), under Serial Nos. 85/489,270 ("'270 application") and 85/489,290 ("'290 application") (collectively the "Offensive Security Applications"). A true and correct copy of USPTO records identifying the Offensive Security Applications are attached hereto as Exhibit 2 and Exhibit 3.

13.  At the USPTO, the Offensive Security Applications were assigned to and examined by the same Examining Attorney.  Exhibit 4 and Exhibit 5

14.  When examining the Offensive Security Applications, the Examining Attorney was aware of defendant's existing trademark registration no. 3,567,436 for KALI SYSTEMS, LLC.  Exhibit 6

15.  The Offensive Security Applications were allowed by the Examining Attorney in view of defendant's trademark registration.

16.  Exhibit 7 is a Notice of Allowance dated September 4, 2012 for the '270 application owned by Offensive Security.

17.  Exhibit 8 is a Notice of Allowance dated January 29, 2013 for the '290 application owned by Offensive Security.

18.  Defendant's threats and demands made in the correspondence of June 19, 2013 create a controversy that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

19.  Offensive Security's use of the KALI marks for providing certification and training in the field of information security, penetration testing services, and providing a software distribution in the field of penetration testing, is not an infringement of defendant's trademark registration No. 3,567,436 for KALI or any alleged unregistered marks.

20.  Offensive Security's use of the KALI marks for providing certification and training in the field of information security, penetration testing services, and providing a software distribution in the field of penetration testing, is not a dilution of defendant's trademark registration No. 3,567,436 for KALI or any alleged unregistered marks.  In addition defendant's marks are not famous.

## COUNT I

### Declaration of Non-Infringement

21.  Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-20, inclusive of this Complaint.

22.  Offensive Security's use of the KALI marks results in no reasonable likelihood of confusion as to sponsorship, licensing or source between Defendant's registered or unregistered trademarks.

23.  Offensive Security's use of the KALI Marks does not infringe or otherwise violate Defendant's alleged trademarks or other intellectual property rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Offensive Security prays that this Court enter judgment against defendant as follows:

A.  An order be entered declaring that Offensive Security's use of the KALI marks, and the Offensive Security Applications, is not likely to cause confusion

6

with respect to, or likely to dilute, defendant's trademark registration no. 3,567,436

for KALI SYSTEMS, LLC. or any other alleged trademark rights of Defendant.

    B.  Granting such other and further relief as this Court may deem just and

proper.


Dated:  July 19, 2013

                                    Respectfully Submitted,

                                    RIDDLE PATENT LAW, LLC

                                    By:      s/Charles L. Riddle/
                                    Charles L. Riddle, Esq. (PA 89,255)
                                    434 Lackawanna Ave.
                                    Suite 200
                                    Scranton, PA 18503
                                    (570) 344-4439 p.
                                    (570) 300-1606 f.
                                    charles@charleslriddle.com

                                    *Counsel for Plaintiff Offensive
                                    Security Limited*